JUDGE HERB ROSS (Recalled)

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA
605 West 4th Avenue, Room 138, Anchorage, AK 99501-2253 —   (Website: www.akb.uscourts.gov)
Clerk's Office:  907-271-2655 (1-800-859-8059 In-State) — Judge's Fax:  907-271-2692

**Filed On 4/22/10**

| | |
|---|---|
| Case No. A09-00484-HAR | In Chapter 7 |
| In re MICHAEL CROPLEY LASHBROOK and SANDRA JOY LASHBROOK, | |
| Debtor(s) | |
| MICHAEL CROPLEY LASHBROOK and SANDRA JOY LASHBROOK, | Adv Proc No A10-90009-HAR |
| Plaintiff(s) | **MEMORANDUM REGARDING ORDER STRIKING COMPLAINT** |
| v. | |
| WILLIAM BARSTOW, III, trustee; JEFFREY G. PASCO, dba Beluga Realty; and KAY S. HUFF, dba Beluga Property Management, | |
| Defendant(s) | |

  The plaintiffs' 42 page complaint does not comply with Fed. R. Bankr. P. 7008, which incorporates Fed. R. Civil P. 8(a).  The rule states, among other things, that a claim for relief should contain "a short and  plain statement of the claim that the pleader is entitled to relief; . . . ."  The Lashbrooks' complaint is prolix, confusing, garrulous, and unnecessarily full of irrelevant evidentiary conclusions.  It would be extremely burdensome to require the defendants to parse the complaint to

determine what was being claimed and what they are required to answer.[1]  The complaint is "verbose, confused and redundant."[2]

Therefore, on its own motion, the court will strike the complaint, without prejudice to the filing of a short, plain complaint requesting relief.  *I suggest the Lashbrooks also study the <u>Barton Doctrine</u> which require leave of the court to sue a trustee*.[3]

I take at face value the Lashbrooks' anguish at their financial distress and its effect on their three young children and themselves.  I am also aware the federal trial courts are supposed to cut *pro se* litigants some slack in judging their compliance with federal procedures.  This does not give the *pro se* litigant a free pass to ignore the rules.[4]

And, the Lashbrooks, too, should understand that the trustee, William Barstow, has a duty to see what estate assets can be turned into cash for the benefit of the creditors.  He is not bound to accept the low values the debtors may have placed on their assets, and indeed is entitled to believe they are undervalued.  The very intensity of debtors' denial is perhaps fuel for his skepticism.  Even if he is wrong, it is his duty and right to explore the facts.

I discern the key themes in the complaint as follows:

- **Plaintiffs claim that the trustee has missed the Fed. Rule B. Proc 4003(c) deadline to object to the debtors' claim of exemption of the 41 acre trailer park**.  The exempt amount was listed as $0, and the federal exemption under 11 USC § 522(d)(5) is $1,075 + $10,125 = $11,200 for each debtor.  The issue of whether or not the debtors are limited to $22,400 or the trustee has lost the unstated equity which might exist in the trailer court is currently before the

---

[1] <u>Agnew v Moody</u>, 330 F2d 868, 870 (9th Cir 1964).

[2] <u>Corcoran v Yorty</u>, 347 F2d 222, 223 (9th Cir 1965).

[3] <u>In re Castillo</u>, 297 F3d 940, 945 (9th Cir 2002) 3 Collier on Bankruptcy, ¶ 323.03[3][a] [15th ed. rev. 2010].

[4] <u>Stanley v Goodwin</u>, 475 FSupp 1026, 1032-33 (D Hawaii 2006).

Supreme Court of the United States in <u>Schwab v Reilly</u>. The bankruptcy website for the American Bankruptcy Institute summarizes the matter as follows:

> <u>Schwab v. Reilly</u> (08-538)[5]
>
> Decision: Pending
> Issue:
>
> In this case, the Court addressed the meaning of its decision in *Taylor v. Freeland & Kronz*, 502 U.S. 638 (1992), which has been construed in contradictory ways by courts. Specifically, the Court considered the following two questions:
>
> When a debtor claims an exemption using a specific dollar amount that is equal to the value placed on the asset by the debtor, is the exemption limited to the specific amount claimed, or do the numbers being equal operate to "fully exempt" the asset, regardless of its true value?
>
> When a debtor claims an exemption using a specific dollar amount that is equal to the value placed on the asset by the debtor, must a trustee who wishes to sell the asset object to the exemptions within the thirty day period of Rule 4003, even though the amount claimed as exempt and the type of property are within the exemption statute and thus the claimed exemption does not appear improper on its face?
>
> Oral Arguments: Nov. 3, 2009

We should have a decision within the next month or so.

- **Plaintiffs allege a number of improprieties in the way the trustee, his attorneys, and agents are going about their jobs, and allege that the trustee is not providing information.** For example, the Lashbrooks state that:

— <u>Barstow is not authorized to operate</u> the trailer park business under 11 USC §§ 704(a)(8), 721. *Good point*.

The trustee has been filing reports under Rule 2015(a)(3). If court approval is necessary, it should be sought. Coincidentally, the trustee may be using some entity's <u>cash collateral</u> without its specific authorization or court approval. 11 USC § 363(c)(2).

— <u>A real estate broker has not been authorized</u>. 11 USC § 327. *Good point*.

---

[5]<u>Schwab v Reilly</u>, 129 SCt 2049 (2009) (granting cert).

MEMORANDUM REGARDING
ORDER STRIKING COMPLAINT

The court did not see an application for a real estate broker, only a property manager.  If a real estate broker is being used, an application to employ the broker should be filed.

— The Lashbrooks spend pages berating Barstow and Artus with claims and innuendoes of breaches of fiduciary duty, but these men are entitled to pursue their duties to liquidate the estate.  And, the U.S. Trustee is the appropriate person to take this type of complaint to with respect to the trustee.

And, if plaintiffs are accurate in all their criticisms of Barstow, Artus, and the real estate agents, the court would nonetheless undoubtedly approve a sale of the 41 acre trailer court on adequate terms.

Barstow, etc., might stand to lose some or all of their fees if they acted improperly.  But the court would *not* punish the creditors or deny them a dividend, just because the bankruptcy professionals misbehaved.  The point is that the many pages in the complaint of alleged improprieties is not going to protect the property from being sold if a buyer can be found who will pay enough.

- **The Trees**.  "On information and belief" the Lashbrooks say the trustee intends to cut some trees.  Have they asked the trustee?

DATED: April 22, 2010

          /s/ Herb Ross
          HERB ROSS
          U.S. Bankruptcy Judge

Serve:
Sandra Lashbrook, pro se, π
Michael Lashbrook, pro se, π
Willilam Artus, Esq., for ∆, Barstow
William Barstow
Jeffrey Pasco, PO Box 535, Kenai, AK 99611
Kay Huff, PO Box 535, Kenai, AK 99611
Jeff Carney, Esq. (courtesy copy)
Kay Hill, Asst. US Trustee
Cheryl Rapp, Adv. Proc. Mgr.
04/22/10

D7306

MEMORANDUM REGARDING
ORDER STRIKING COMPLAINT                        Page 4 of 4